IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                      Case No. 2:97-99-6

Maurice Morris

ORDER

The defendant has filed a motion for reconsideration of the denial of his previous motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2). The government has now filed a response to the motion, and the stay previously entered is hereby lifted.

Defendant was originally sentenced for conspiracy in violation of 21 U.S.C. §846 (Count 1), distribution of cocaine base in violation of 21 U.S.C. §841(a)(1) (Count 29), and possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1) (Counts 31 and 45). Defendant was found to be a career offender by reason of his prior convictions for drug trafficking, and his base offense level was determined to be 37 by operation of U.S.S.G. §4B1.1(b). Defendant was sentenced to a term of incarceration of 360 months on Counts 1 and 45, and 240 months on Counts 29 and 31, to run concurrently.

Defendant previously filed a motion for reduction of sentence which relied on Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."). That amendment reduced the guideline base offense levels applicable to certain crack cocaine offenses. In an order (Doc. 839) filed on May 5, 2008, this court concluded that it lacked the authority to reduce defendant's sentence because defendant's sentence was dictated by the career offender guideline in §4B1.1(b)(B), rather than U.S.S.G. §2D1.1, the guideline

applicable to drug offenses.  That decision was affirmed by the Sixth Circuit Court of Appeals in an order filed on June 16, 2009. The Sixth Circuit's decision is binding in this case and precludes reconsideration of this court's previous order.  Even if this court could reconsider the prior order, the grounds advanced by defendant would not permit a reduction of his sentence.

Defendant moves for reconsideration in light of what he describes as intervening changes in the law.  Defendant argues that a sentencing judge may disagree with the official policy behind the career offender guideline and depart downward.  He further notes that a sentencing judge may take the crack cocaine/powder cocaine disparity into account in imposing sentence.  From there, he essentially argues that this court may now reject the career offender and crack cocaine guidelines and reduce his sentence.

This court may not change or modify a sentence unless such authority is expressly granted by statute.  <u>United States v. Bridgewater</u>, 606 F.3d 258, 260 (6th Cir. 2010).  One such authorization is found in 18 U.S.C. §3582(c)(2), which permits a reduction in sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" However, §3582(c)(2) does not authorize a general sentencing or resentencing of the defendant. <u>Dillon v. United States</u>, ___ U.S. __, 130 S.Ct. 2683, 2690 (2010).  A §3582(c)(2) proceeding permits a sentence reduction within the narrow bounds established by the Commission, but does not allow the court to entertain defendant's arguments concerning other alleged errors committed at the initial sentencing.  <u>Id.</u>, 130 S.Ct. at 2694.

The arguments defendant makes in support of a downward

2

departure or variance below the otherwise applicable guideline range are not arguments which may be entertained pursuant to a motion to reduce sentence under §3582(c)(2). A defendant must request any departure or variance from the guideline range at the time of the original sentencing. See United States v. Morales-Madera, 352 F.3d 1, 14 (1st Cir. 2003)(defendant's failure to request a downward departure at sentencing waived issue on appeal); United States v. Ukomadu, 236 F.3d 333, 340 (6th Cir. 2001)(defendant must raise objections to the guideline applications before the trial court at sentencing); United States v. Mohler, 182 F.3d 919 (table), 1999 WL 303569 (6th Cir. 1999)(defendant had an obligation to raise objections and request a departure from the guideline range at the time of sentencing). This court lacks the authority at this time to reduce defendant's sentence by means of a departure or variance from the career offender and crack cocaine guidelines.

Defendant was not previously entitled to a reduction of his sentence under §3582(c)(2) and Amendment 706, nor would a reduction be authorized now under Amendment 250, which further reduced the guideline ranges applicable to some crack cocaine offenses. Under the policy statement contained in U.S.S.G. §1B1.10(a)(1), a court may reduce a defendant's term of imprisonment pursuant to §3582(c)(2) if the amendment authorizing the reduction is listed in §1B1.10(c), and if the reduction allowed by the amendment is otherwise consistent with §1B1.10. U.S.S.G. §1B1.10(a)(1). Amendment 750 is among those listed in §1B1.10(c). However, a reduction is not consistent with §1B1.10 if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). The Guidelines further state

that a reduction is not consistent with §1B1.10 if an amendment listed in subsection (c) is applicable to the offense of conviction, but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline[.]" U.S.S.G. §1B1.10, Application Note 1(A). of U.S.S.G. §4B1.1(b)(B).

Defendant's sentence was governed by §4B1.1(b)(B), the career offender guideline. In cases discussing the impact of Amendment 706, the Sixth Circuit has held that the defendant was not eligible for a reduction because the amendment had no effect on defendant's status as a career offender or the career offender guidelines under which he was sentenced. See United States v. Payton, 617 F.3d 911, 914 (6th Cir. 2010)(defendant sentenced as a career offender under §4B1.1 is not eligible for a reduction based on Amendment 706); Bridgewater, 606 F.3d at 260-61 (same). This ruling applies even where the defendant was granted a downward departure or variance from the career offender guideline at the time of the original sentencing. Bridgewater, 606 F.3d at 261; United States v. Perdue, 72 F.3d 288, 290 (6th Cir. 2009). Under the same reasoning, this court also lacks the authority to reduce defendant's career offender sentence under Amendment 750. See United States v. Griffin, 652 F.3d 793, 803 (7th Cir. 2011)(defendant sentenced under career offender guideline was not eligible for a reduction in sentence under guideline amendments following the Fair Sentencing Act of 2010).

Defendant's motion for reconsideration of this court's order denying his previous motion under §3582(c)(2) is denied.

4

Date: March 7, 2012                           s/James L. Graham
                                        James L. Graham
                                        United States District Judge